UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED

SEP 11 2025

AT COVINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                                                    INDICTMENT NO. 25-117-KKC

STUART GREGORY WELLS

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## BACKGROUND

At all times relevant to this Indictment:

1. Allcall Business Development Center was a limited liability company doing business in Danville, Boyle County, Kentucky.

2. **STUART GREGORY WELLS** resided in Danville, Boyle County, Kentucky, and was the owner of Allcall Business Development Center.

3. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax law of, and collecting taxes owed to, the United States.

4. Pursuant to the Internal Revenue Code and associated statutes and regulations, employers were required to withhold amounts from their employees' gross pay including Federal Insurance Contribution Act ("FICA") taxes, which represented Social

Security and Medicare taxes, and federal income taxes. These taxes were collectively referred to as "trust fund taxes" because employers held the withheld amounts in trust until paid over to the United States. Employers were required to remit the withheld trust fund taxes to the IRS on a quarterly basis, and no later than the last day of month following the end of the quarter.

5. In addition to the trust fund taxes, employers were separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions were likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter.

6. Collectively, the trust fund taxes and matching amounts required to be remitted quarterly were commonly referred to as "employment taxes". Employers were required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits.

7. A person was responsible for collecting, accounting for, and paying over the trust fund taxes if he had the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact.

8. **STUART GREGORY WELLS** exercised control over Allcall Business Development Center's financial affairs by, among other acts, paying bills and processing

payroll. Thus, he was a responsible person for collecting trust fund taxes, accounting for the employment taxes by filing Forms 941 with the IRS, and paying over to the IRS the employment taxes for Allcall Business Development Center's employees.

## COUNTS 1 – 20
## 26 U.S.C. § 7202

9. Paragraphs 1 through 8 of this Indictment are re-alleged as if fully set forth herein.

10. **STUART GREGORY WELLS** was a person required to collect, account for on quarterly Forms 941, and pay over to the IRS on behalf of Allcall Business Development Center, the trust fund taxes imposed on its employees by the Internal Revenue Code. He was further required to remit the employer's contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from his employees' pay for those purposes.

11. On or about each of the dates listed below, in Boyle County, in the Eastern District of Kentucky, and elsewhere,

**STUART GREGORY WELLS**

willfully failed to truthfully account for, and pay over, the trust fund taxes due and owing to the United States on behalf of the employees of Allcall Business Development Center:

| Count | Date of Quarter Ending | Due Date of Form 941 | Trust Fund Taxes Due and Owing |
|---|---|---|---|
| 1 | September 30, 2019 | October 31, 2019 | $24,126.27 |
| 2 | December 31, 2019 | January 1, 2020 | $21,765.55 |
| 3 | March 31, 2020 | April 30, 2020 | $17,287.73 |
| 4 | June 30, 2020 | July 31, 2020 | $13,593.82 |
| 5 | September 30, 2020 | October 31, 2020 | $17,773.74 |

| 6  | December 31, 2020  | January 31, 2021 | $19,162.27 |
|----|--------------------|------------------|------------|
| 7  | March 31, 2021     | April 30, 2021   | $19,527.38 |
| 8  | June 30, 2021      | July 31, 2021    | $20,874.21 |
| 9  | September 30, 2021 | October 31, 2021 | $24,629.63 |
| 10 | December 31, 2021  | January 31, 2022 | $21,675.50 |
| 11 | March 31, 2022     | April 30, 2022   | $21,186.00 |
| 12 | June 30, 2022      | July 31, 2022    | $19,037.10 |
| 13 | September 30, 2022 | October 31, 2022 | $15,545.80 |
| 14 | December 31, 2022  | January 31, 2023 | $22,385.04 |
| 15 | March 31, 2023     | April 30, 2023   | $19,190.15 |
| 16 | June 30, 2023      | July 31, 2023    | $18,915.82 |
| 17 | September 30, 2023 | October 31, 2023 | $21,975.54 |
| 18 | December 31, 2023  | January 31, 2024 | $26,104.45 |
| 19 | March 31, 2024     | April 30, 2024   | $18,732.69 |
| 20 | June 30, 2024      | July 31, 2024    | $18,467.25 |

Each in violation of 26 U.S.C. § 7202.

**A TRUE BILL**

_____
PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

## **PENALTIES**

**COUNTS 1-20:**   Not more than 5 years imprisonment, a fine of not more than $250,000, and supervised release of not more than 3 years.

**PLUS:**   Mandatory special assessment of $100.

**PLUS:**   Restitution.